**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| HUMAN DIFFERENTIAL INTELLIGENCE LLC, §§§ | |
| §  Case No. 6:20-cv-00311 | |
| *Plaintiff*, §§ | |
| v.  § **JURY TRIAL DEMANDED** | |
| § | |
| CVS HEALTH CORPORATION, §§ | |
| *Defendant*. | |

## ORIGINAL COMPLAINT

Plaintiff Human Differential Intelligence LLC ("Plaintiff" or "HDI"), by and through its attorneys, for its Original Complaint against CVS Health Corporation ("Defendant" or "CVS"), and demanding trial by jury, hereby alleges as follows:

### I.  NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendant's unauthorized use, sale, and offer to sell in the United States of products, methods, processes, services and/or systems that infringe HDI's United States patents, as described herein.

2.      Defendant manufactures, provides, uses, sells, offers for sale, imports, and/or distributes infringing products and services; and encourages others to use its products and services in an infringing manner, including their customers, as set forth herein.

3.      HDI seeks past and future damages and prejudgment and post judgment interest for Defendant's past infringement of the Patents-in-Suit, as defined below.

## II.  PARTIES

4.      Plaintiff HDI is a limited liability company organized and existing under the laws of the State of Texas.  HDI's registered agent for service of process in Texas is Capital Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

5.      On information and belief, Defendant is a corporation organized under the laws of Delaware, having established places of business in this District at 500 Congress Avenue, Austin, Texas 78701.  Defendant's registered agent for service of process in Delaware is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## III.   JURISDICTION AND VENUE

6.      This is an action for patent infringement which arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 271, *et seq*.

7.      This Court has original and exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

8.      On information and belief, venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendant has a regular and established place of business in this District, transacted business in this District, and has committed and/or induced acts of patent infringement in this District.

9.      On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## IV.  FACTUAL ALLEGATIONS

### PATENTS-IN-SUIT

10.     HDI is the owner of all right, title, and interest in and to U.S. Patent No. 8,752,141 (the "'141 Patent"), entitled "Methods for Presenting and Determining the Efficacy of Progressive Pictorial and Motion-Based Captchas," issued on June 10, 2014.  A true and correct copy of the '141 Patent is attached hereto as **Exhibit A**.

11.     HDI is the owner of all right, title, and interest in and to U.S. Patent No. 9,192,861 (the "'861 Patent," and together with the '141 Patent "the Patents-in-Suit"), entitled "Motion, Orientation, and Touch-Based Captchas," issued on November 24, 2015.  A true and correct copy of the '861 Patent is attached hereto as **Exhibit B**.

12.     Together, the foregoing patents are referred to herein as the "Patents-in-Suit."  HDI is the assignee of the Patents-in-Suit and has all rights to sue for infringement and collect past and future damages for the infringement thereof.

13.     The Patents-in-Suit are directed to, *inter alia*, methods for distinguishing a human from a computer using a graphical/pictorial and/or motion-based verification or challenge system(s).

### DEFENDANT'S ACTS

14.     Defendant offers and/or operates one or more website(s), for example the website accessible at https://cvshealth.com.  Defendant directs customers and other end-users that wish to access offerings, resources, services, electronic transactions, and/or purchases from Defendant to visit https://cvshealth.com.

15.     Defendant protects access to certain resources and/or content of its website(s) from Internet bots (a/k/a web bots or robots), which are automated software applications that run tasks over the Internet with minimal, if any, human intervention.  Defendant restricts access to these

protected resources/content through the use of Completely Automatic Public Turing Test to Tell

Humans and Computers Apart ("CAPTCHA").   Specifically, Defendant implements Google's

reCAPTCHA v2 framework on its commercial websites, as exemplified at the URL

https://cvshealth.com/news-and-insights of Defendant's website, as a precondition to customers,

end-users, or third parties accessing the protected website resource or content.

```
78  <meta name="twitter:url" content="https://cvshealth.com/news-and-insights" />
79  <meta property="og:image" content="https://cvshealth.com/sites/default/files/" />
80  <meta property="og:image" content="https://cvshealth.com/sites/default/files/cvs-health-logo-
    stacked-1024.png" />
81  <meta name="Generator" content="Drupal 8 (https://www.drupal.org)" />
82  <meta name="MobileOptimized" content="width" />
83  <meta name="HandheldFriendly" content="true" />
84  <meta name="viewport" content="width=device-width, initial-scale=1.0" />
85  <script src="https://www.google.com/recaptcha/api.js?
    hl=en&amp;onload=drupalRecaptchaOnload&amp;render=explicit" async defer></script>
86  <link rel="shortcut icon" href="/themes/custom/cvs_health/images/favicon.ico"
    type="image/vnd.microsoft.icon" />
87  <link rel="revision" href="https://cvshealth.com/news-and-insights" />
88
```

```
7588  <!-- BEGIN OUTPUT from 'core/themes/classy/templates/form/input.html.twig' -->
7589  <input data-drupal-selector="edit-captcha-response" type="hidden" name="captcha_response"
      value="Google no captcha" />
7590
7591  <!-- END OUTPUT from 'core/themes/classy/templates/form/input.html.twig' -->
7592
7593  <div class="g-recaptcha" data-sitekey="6LeSnJQUAAAAAB99lJvvi4Pe6GFZ94bHmdZfhKpA" data-
      theme="light" data-type="image"></div></div>
7594
7595  <!-- END OUTPUT from 'modules/contrib/captcha/templates/captcha.html.twig' -->
7596
7597
7598
```

    16.    Defendant creates or registers a reCAPTCHA account with Google to obtain an

individualized API key.   Defendant incorporates source code and other computerized instructions,

including the individualized reCAPTCHA API key, into the architecture, design, and construction

of its website(s).   That source code incorporated by Defendant into its website(s) directs and

controls the electing, associating, presentation, processing, and calculation of information related

to the graphical/pictorial and/or motion-based CAPTCHA presented to a user of Defendant's

website(s).  Google enjoys various benefits from Defendant's implementation of reCAPTCHA v2

in Defendant's website, for example "using the [reCAPTCHA] solutions to digitize text, annotate images, and build machine-learning datasets." *See, e.g.*, https://support.google.com/recaptcha/?hl=en.

17.     Defendant's HTML and JavaScript code and other computerized instructions perform or direct and control the performance of the following actions, among others: When a customer, end-user, or other third party wishes to access a protected resource or content of Defendant's website(s) and is suspected of being a robot, Defendant's website(s) displays an image-based CAPTCHA.  When Defendant first displays the image-based CAPTCHA, 9-image tiles are shown to the website user.  Defendant instructs the user to select all tiles within the displayed tiles that contain a certain concept, for example fire hydrants, crosswalks, buses, street signs, etc.  As the user selects or clicks on an image-tile, the tile is replaced, and an additional image tile(s) is shown to the user.  Defendant further instructs the participant to click "VERIFY" once no tiles with the specified concept remain.  At the verification stage, the user's responses are either deemed accurate (no remaining tile of the image contains the specified concept) or inaccurate (any tile of the image contains the specified concept).



18.     Defendant's HTML and JavaScript source code and other computerized instructions perform or direct and control the performance of the following actions, among others: When a customer, end-user, or other third party wishes to access a protected resource or content of Defendant's website(s), Defendant's website(s) automatically loads a checkbox labeled "I'm not a robot". Defendant instructs and requires the user to check the box in order to access the protected record and processes, for example, the user's mouse movements and click manipulation. If such movements and/or manipulation from the user meet a required threshold, the user is deemed human and granted access to the protected resource or content.



19.     The website(s) identified above are exemplary infringing products.   Each of Defendant's products and/or offerings that use reCAPTCHA v2 technology and/or operate in a reasonably similar manner utilize the technology claimed in the Patents-in-Suit.

<u>KNOWLEDGE OF PATENTS-IN-SUIT</u>

20.      Defendant had knowledge of the Patents-in-Suit and the infringing conduct as early as the date when HDI effected service of the Complaint.

## V.   COUNTS OF PATENT INFRINGEMENT

COUNT ONE
<u>INFRINGEMENT OF THE '141 PATENT</u>

21.      HDI incorporates by reference its allegations in Paragraphs 1-20 as if fully restated in this paragraph.

22.      HDI is the assignee and owner of all right, title, and interest to the '141 Patent.  HDI has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

23.      On information and belief, Defendant, without authorization or license, has been and is presently directly infringing one or more claims of the '141 Patent, including at least claim 1 of the '141 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using in the United States methods infringing one or more claims of the '141 Patent.  Defendant practices each element of at least claim 1 of the '141 Patent because it performs each step of the claimed method or performance of the step by a third party(s) is attributable to Defendant.  Defendant is thus liable for direct infringement of at least claim 1 the '141 Patent pursuant to 35 U.S.C. § 271(a).

24.      On information and belief, without authorization or license Defendant has been and is presently indirectly infringing one or more claims of the '141 Patent, including at least claim 1 of the '141 Patent, by *inter alia* actively inducing infringement of the '141 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers, end-users, and/or other third parties to use infringing articles and methods that Defendant knows or should know infringe one or more claims

of the '141 Patent.  Defendant instructs its customers, end-users, and/or other third parties to use the patented inventions of the '141 Patent by directing customers, end-users, and/or other third parties to Defendant's website(s) requiring customers, end-users, and/or other third-parties to solve a reCAPTCHA v2 to access certain protected resources or content on Defendant's website in accordance with the code, service script(s), and other computerized instructions implemented by and/or for Defendant.

25.     On information and belief, Defendant, without authorization or license, has been and is presently indirectly infringing one or more claims of the '141 Patent, including at least claim 1, by contributing to infringement of the '141 Patent under 35 U.S.C. § 271(c) and/or § 271(f), either literally and/or under the doctrine of equivalents.  Defendant had knowledge of the '141 Patent and its infringing use.  Defendant sells, offers for sale, and/or imports into the United States, a component of the infringing product or an apparatus for use in the infringing method. That product or apparatus (a) constitutes a material part of the inventions claimed in the '141 Patent; (b) is not a staple article or commodity of commerce suitable for non-infringing use; and (c) was especially made or adapted to infringe the '141 Patent, which Defendant knew.

26.     As a result of Defendant's infringement of the '141 Patent, HDI has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

COUNT TWO
INFRINGEMENT OF THE '861 PATENT

27.     HDI incorporates by reference its allegations in Paragraphs 1-26 as if fully restated in this paragraph.

28.     HDI is the assignee and owner of all right, title, and interest to the '861 Patent.  HDI has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

29.     On information and belief, Defendant, without authorization or license, has been and is presently directly infringing one or more claims of the '861 Patent, including at least claim 1 of the '861 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through using in the United States methods infringing one or more claims of the '861 Patent.  Defendant practices each element of at least claim 1 of the '861 Patent because it performs each step of the claimed method or performance of the step by a third party(s) is attributable to Defendant.  Defendant is thus liable for direct infringement of at least claim 1 the '861 Patent pursuant to 35 U.S.C. § 271(a).

30.     On information and belief, without authorization or license Defendant has been and is presently indirectly infringing one or more claims of the '861 Patent, including at least claim 1 of the '861 Patent, by *inter alia* actively inducing infringement of the '861 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers, end-users, and/or other third parties to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '861 Patent.  Defendant instructs its customers, end-users, and/or other third parties to use the patented inventions of the '861 Patent by directing customers, end-users, and/or other third parties to Defendant's website(s) requiring customers, end-users, and/or other third-parties to solve a reCAPTCHA v2 to access certain protected resources or content on Defendant's website in accordance with the code, service script(s), and other computerized instructions implemented by and/or for Defendant.

31.     On information and belief, Defendant, without authorization or license, has been and is presently indirectly infringing one or more claims of the '861 Patent, including at least claim 1, by contributing to infringement of the '861 Patent under 35 U.S.C. § 271(c) and/or § 271(f), either literally and/or under the doctrine of equivalents.  Defendant had knowledge of the '861 Patent and its infringing use.  Defendant sells, offers for sale, and/or imports into the United States, a component of the infringing product or an apparatus for use in the infringing method. That product or apparatus (a) constitutes a material part of the inventions claimed in the '861 Patent; (b) is not a staple article or commodity of commerce suitable for non-infringing use; and (c) was especially made or adapted to infringe the '861 Patent, which Defendant knew.

32.     As a result of Defendant's infringement of the '861 Patent, HDI has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event, less than a reasonable royalty.

## VI.     JURY DEMAND

33.     HDI demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VII.     PRAYER FOR RELIEF

WHEREFORE, HDI prays for judgment and seeks relief against Defendant as follows:

A.     That the Court determine that one or more claims of the Patents-in-Suit is infringed by Defendant, either literally or under the doctrine of equivalents;

B.     That the Court award damages adequate to compensate HDI for the patent infringement that has occurred, together with prejudgment and post-judgment interest and costs, and an ongoing royalty for continued infringement;

C.     That the Court permanently enjoin Defendant pursuant to 35 U.S.C. § 283; and

D.     That the Court award such other relief to HDI as the Court deems just and proper.

DATED: April 22, 2020                    Respectfully submitted,

                                         */s/   Andrew G. DiNovo*
                                         Andrew G. DiNovo
                                         Texas State Bar No. 00790594
                                         adinovo@dinovoprice.com
                                         Nicole E. Glauser
                                         Texas State Bar No. 24050694
                                         nglauser@dinovoprice.com
                                         **DINOVO PRICE LLP**
                                         7000 N. MoPac Expressway, Suite 350
                                         Austin, Texas  78731
                                         Telephone:  (512) 539-2626
                                         Telecopier:  (512) 539-2627

                                         ***Counsel for Plaintiff Human Differential
                                         Intelligence LLC***